MED-Designation-ECF.frm                                                      **Form Revised: June 25, 2003**

## *IN THE UNITED STATES DISTRICT COURT*
## *FOR THE NORTHERN DISTRICT OF OHIO*

| | | |
|---|---|---|
| Paul L. Seegott, | : | CASE NO. 1:07cv1479 |
| Plaintiff(s), | : | |
| -vs- | : | |
| Cyberstarts, Inc., | : | |
| Defendant(s). | : | |

Judge Oliver

### *NOTICE OF DESIGNATION OF MEDIATOR*

Pursuant to **Local Rule 16.6(c)(2)**, the following individual is designated as the Mediator in the above-styled case:

> Michael D. Slodov
> Javitch, Block & Rathbone
> 1100 Superior Avenue
> 19th Floor
> Cleveland, OH 44114
> 216-623-0000

### *SCHEDULING THE MEDIATION CONFERENCE*

In conjunction with **Local Rule 16.6(c)(3)**, **the Mediator, Michael D. Slodov**, shall contact counsel and/or the parties to schedule the initial mediation conference **as soon as possible after 12/1/07,** pursuant to Order of this Court dated **08/27/07**. The Mediator must file electronically written notice which sets forth the date, time and location of

the mediation conference. **If counsel and/or the parties fail to receive communication from the Mediator, they are instructed to contact the Mediator directly to schedule the initial mediation conference.**

Pursuant to **Local Rule 16.6(c)(4)**, requests for postponement of a mediation conference **must be filed electronically** for consideration. Any such requests must contain both a statement setting forth good cause for a continuance and a recitation of whether or not the continuance is opposed by any other party.

### *COMPENSATION OF MEDIATOR*

The Mediator shall provide an initial 4½ hours of services to counsel and the parties and said service shall begin at the initial mediation conference. Preparation time for the mediation conference shall not be included in the initial 4½ hours. **See Local Rule 16.4(d)(3)**. Upon conclusion of the initial 4½ hours of services provided by the Mediator, the parties will be equally responsible for compensating the Mediator at the rate of $150 per hour.

### *ATTENDANCE AT THE INITIAL MEDIATION CONFERENCE AND SUBSEQUENT MEDIATION CONFERENCE(S)*

Attendance of lead counsel and their respective clients is **mandatory** pursuant to **Local Rule 16.6(f)**. Counsel and the parties should refer to **Local Rule 16.6(f)** which specifically identifies who shall attend mediation conferences. In addition to counsel who will try the case being present, a person with **full settlement authority** must likewise be present for all scheduled mediation conferences. This requires the presence of clients, or, if a corporate entity, an authorized representative who is not a lawyer who has entered an appearance in the case. For a defendant, such representative must have **final settlement authority** to commit the corporate entity to pay, **in the representative's discretion**, an

amount which is agreed upon by all parties. For a plaintiff, such representative **must have final authority**, **in the representative's discretion**, to authorize dismissal of the case, with prejudice, or to accept a settlement proposal. **Counsel appearing without their clients (whether or not you have been given settlement authority) will cause the conference to be canceled and rescheduled within the time frames previously outlined herein**. It is suggested that the Mediator, counsel and the parties arrive at least twenty (20) minutes prior to the commencement of the mediation conference. **No party may be excused from attending a scheduled mediation conference without prior consent of the Court.**

### *SUBMISSION OF MEDIATION MEMORANDA*

Pursuant to **Local Rule 16.6(e)**, counsel of record shall submit to the Mediator a written mediation memorandum **five days prior to the scheduled mediation conference**. While this rule does not require counsel to do so, counsel are encouraged to serve upon all counsel a copy of the written mediation memorandum. The mediation memorandum shall consist of the following:

(1) State the legal/factual positions of each party respecting the issues in dispute;

(2) Copies of all relevant pleadings and motions;

(3) Such other material as each party believes would be beneficial to the Mediator; and

(4) The Mediator may, upon reviewing all such material, at his or her discretion or motion of the parties, schedule a preliminary meeting with counsel.

Pursuant to **Local Rule 16.6(e)(3)**, mediation memoranda shall not be presented for filing nor shall they be shown to the Court. The Mediator shall refer to **Local Rule 16.6(g)** for direction concerning procedures at a mediation conference.

### *REPORTING PROCESS*

Upon conclusion of the initial mediation conference, the Mediator shall promptly prepare and manually file[1] one copy of the Report of Mediator with the ADR office within ten (10) days of the initial or subsequent mediation conference(s), **or in any event not later than 1/10/08, pursuant to Order of this Court dated 08/27/07**. (See Report form attached hereto.) The Report of Mediator form shall include, but is not limited to, the following information:

(1) **If settlement is effected:** a written report which reflects that settlement was achieved as a result of said mediation conference. The report shall include a date certain by which a dismissal entry will be filed by counsel with the Court; or

The Mediator shall report that the conference was held, any agreements consented to by the parties, the status of discovery, anticipated motion practice, and the Mediator's recommendations, if any, as to future ADR processes that might assist in resolving the dispute;

(2) **If settlement is not effected:** a written report which reflects the mediation conference was held, any agreements reached by the parties and the Mediator's recommendation, if any, as to future processing of the case.

If after conducting the initial mediation conference, the Mediator determines that an additional conference is necessary, the Mediator shall schedule said conference and provide written notice to counsel, the parties and the ADR Administrator as to the date, time and location of said additional conference;

See **Local Rule 16.6(g)**.

---

[1]**The Report of Mediator shall not be filed electronically.**

**PURSUANT TO LOCAL RULE 16.6(h), THE MEDIATOR, COUNSEL AND THE PARTIES ARE REMINDED THAT THE ENTIRE MEDIATION PROCESS IS CONFIDENTIAL. THE MEDIATOR, COUNSEL AND THE PARTIES MAY NOT DISCLOSE TO THE COURT OR TO THIRD PERSONS ANY INFORMATION REGARDING THE MEDIATION PROCESS, INCLUDING SETTLEMENT TERMS, UNLESS <u>ALL</u> PARTIES OTHERWISE AGREE.**

**DATED at Cleveland, Ohio, this 10th day of October 2007.**

<u>/s/ **Philip J. Mayeux** for</u>
ADR Administrator
United States District Court
801 West Superior Avenue
Cleveland, OH 44113-1830
216-357-7007
Fax No.: 216-357-7040
**Philip_J_Mayeux@ohnd.uscourts.gov**

## **CERTIFICATE OF SERVICE**

A copy of the within Notice of Designation of Mediator and Report of Mediator form was filed electronically this 10th day of October 2007. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's sytem.

/s/ **Philip J. Mayeux for**
ADR Administrator
216-357-7007
Fax No.: 216-357-7040
**Philip_J_Mayeux@ohnd.uscourts.go**

med-rpt.frm                                                                                   Report Due Date 1/10/08

## **TO BE FILED MANUALLY WITH THE CLERK'S OFFICE -- DO NOT FILE ELECTRONICALLY**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Paul L. Seegott, | : | CASE NO. 1:07cv1479 |
| | : | |
| Plaintiff(s), | : | |
| | : | |
| -vs- | : | |
| | : | |
| Cyberstarts, Inc., | : | |
| | : | |
| Defendant(s). | : | |

Judge Oliver

### REPORT OF MEDIATOR

This form is provided as a convenience to the Mediator. It is not meant to inhibit the Mediator from reporting the results of a Mediation conference in whatever manner is appropriate under the Local Rules. This form is intended to assist the Court Administrative Staff in the future processing of the case and it is merely intended to serve as a checklist of the elements which need to be reported to the Court. The Report of Mediator will be maintained by the ADR Administrator and will not become part of the Court's permanent record.

**Instructions**

1. This is a report of non-confidential information filed with the Court pursuant to Local Rule 16.6(h); and

2. This Report shall not contain confidential information unless counsel and/or parties consent to confidential information being disclosed to the Court.

**Filing Instructions**

- 1 -                                                                                        Revised: June 25, 2003

**One copy of the Report of Mediator form must be filed manually with the Clerk's Office. The Clerk's Office will transmit the Report to the ADR Office.**
**IF MORE SPACE IS REQUIRED, PLEASE ATTACH ADDITIONAL PAGES**

1. Name, address and telephone number of the Mediator:

2. Date, time and location of the mediation conference:

a. Date and time of the initial mediation conference:

b. Location of initial mediation conference:

c. If applicable, date and time of the subsequent mediation conference:

d. Location of the subsequent mediation conference:

3. Attorneys and parties in attendance at mediation conference:

a. Were any attorneys or parties missing? If so, who and why?

b.  Did Plaintiff and Defense counsel submit the required Mediation Memoranda pursuant to Local Rule 16.6(e)?  If no, please identify the party who failed to comply with L.R. 16.6(e).

c.  Had the Plaintiff and Defense counsel consulted with their clients as to the status of the case prior to the mediation conference?

4.  Duration and preparation of mediation conference:

**Pursuant to Local Rule 16.4(d)(3)(A), neutral compensation is as follows:**

Mediators and Evaluators shall receive no compensation for the first four and one-half (4 ½) hours of service which is to begin when the Mediator or Evaluator meets with the parties for the initial mediation conference or initial evaluation session. **Preparation time by the Mediator or Evaluator for the respective ADR proceeding shall not be included in the first four and one-half (4 ½) hours of service**.

Once the initial four and one-half (4 1/2) hours of service have been provided by the Mediator or Evaluator, the parties shall be equally responsible for the Panelist's compensation at the rate of $150 per hour.

a.  **TIME EXPENDED**:

|  |  |  |
|---|---|---|
| Duration of initial mediation conference: | Hours_____ | Minutes_____ |
| Preparation time: | Hours_____ | Minutes_____ |
| Duration of subsequent mediation conference: | Hours_____ | Minutes_____ |

b.  **COMPENSATION REQUESTED**:

|  |  |  |
|---|---|---|
| Initial mediation conference: | ❒ Yes ❒ No | Amount:_____ |
| Subsequent mediation conference: | ❒ Yes ❒ No | Amount:_____ |

5.  If settlement was reached, a date certain by which a journal entry or dismissal entry will be submitted to the Court:  **(Note: unless there are extenuating circumstances, the dismissal entry should be submitted to the Court within 14 days.)**

6.  Is settlement realistic at this time (upon conclusion of the mediation conference)?  If no, please explain:




7. Reportable agreements and legal/factual stipulations consented to by the parties **(see page 6 - Consent to Disclosure)** (reportable agreements may include, but are not limited to: narrowing issues, dismissing claims, scope of discovery (depositions, document exchange, etc.), stages of discovery, discovery disputes, legal issues which may present an impasse).  If more space is needed, please attach a separate sheet of paper.

a. Have claims been narrowed: ❐ Yes   ❐ No
Please explain:


b. Please state any legal/factual stipulations agreed to by the parties:


c. Have the parties agreed to dismiss any claims: ❐ Yes   ❐ No
Please explain:


d. Legal issues which may present an impasse:


8. Comment regarding anticipated discovery disputes, dispositive issues/discovery status, anticipated motion practice, etc.:


a. If the Court has set the discovery and motion deadlines, will the parties have difficulty in maintaining the schedule?  Please explain.

9. Other observations/recommendations, including judicial action required to move case toward settlement or trial **(e.g. pending dispositive motions; immediate settlement conference with the judicial officer)**:

> **[EXAMPLE:  Be specific as to timing and obligations of parties.  If court agrees, this will become binding (e.g. Defendant contends that no liability can be assessed due to immunity.  Initial discovery will be limited to this issue for a period of four weeks.  Defendant will file a motion by (date); Plaintiff will file a response by (date).  No reply will be filed except for unforeseen issues.  The Court will attempt to rule within 30 days.  If motion is denied, discovery will immediately proceed on all issues, to be completed within (number) days.]**

10.  Recommendations, if any, as to future ADR processing that might assist in resolving the dispute:

11.  Suggestions for improving the Mediation process:

_____
Mediator

Dated:_____

**CONSENT TO DISCLOSURE OF CONFIDENTIAL INFORMATION**
**(If Confidential Information is Disclosed in this Report,**
**Counsel and/or the Parties Must Consent Below)**

We, counsel and/or the parties have reviewed the within Report of Mediator and fully understand that the Report will be filed with the ADR Administrator and consent to its disclosure to the assigned judicial officer, if requested.  We further consent to disclosure of confidential information in the Report pursuant to Local Rule 16.6(h).

_____
Counsel for Plaintiff(s)

_____

_____

_____
Counsel for Defendant(s)

_____

_____



**SUGGESTIONS FOR CONDUCTING A
MEDIATION CONFERENCE**

**Prior to the Mediation conference**

     1.     **Prepare** by reviewing Local Rule 16.6(e) and reading the written submissions of the parties.

     2.     Contact counsel to arrange for the Mediation conference to be scheduled within the time limits set by the Court.

     3.     **Instruct counsel to meet with their clients to fully inform them of the status of the case prior to the Mediation conference, including any pending motions or open discovery issues.**

**At the Mediation conference**

     4.     **Introduce** yourself, counsel and the parties and the mediation process at the mediation conference.  Make clear to counsel and the parties that you are a settlement-facilitator, not a decision-maker. Explain that the mediation process is confidential and describe your role as the Mediator in the process.

     **Further**, as provided by Local Rule 16.4(d)(3), Mediators shall receive no compensation for the first four and one-half (4 ½) hours of services which is to begin when the Mediator meets with the parties at the initial mediation conference.  Preparation time by the Mediator for the mediation conference shall not be included in the first four and one-half (4 ½) hours of service.  It is the Mediator's responsibility to inform counsel and the parties when the initial 4½ hours have been exhausted.  If the Mediator elects to be compensated beyond the initial 4 ½ hours, the parties shall be equally responsible for the Mediator's compensation at the rate of $150 per hour.  It is further the responsibility of the Mediator to arrange for payment of any additional hours expended beyond the initial 4 ½ hours.

     5.     **Postponement of Conference**: All requests for postponement of a mediation conference shall be presented, in writing, to Peggy Nichols, ADR Administrator.  If the continuance requested does not exceed the completion date ordered by the judicial officer, the ADR Administrator will authorize the continuance.  However, if the time requested exceeds the completion date, the ADR Administrator will request an extension on behalf of the Mediator from the judicial officer.

     6.     **Request presentations** of the case by the parties, beginning with the plaintiff. Encourage the parties themselves to speak if they wish. Minimize interruptions, including those of the Mediator, counsel and the parties.  Allow venting of emotions but do not allow the conflict to get out of control or to deteriorate into personal attacks.  At this stage, refrain from expressing judgments about the issues.

**Revised:  June 25, 2003**

7. **Question** counsel and the parties to clarify issues and test the arguments.

8. **Identify** points of agreement and disagreement so that negotiations may build on the areas of agreement and attempt to resolve the areas of disagreement.  Help the parties to agree on a plan for exchanging information and conducting discovery which will enable them to prepare expeditiously for the resolution of the case by trial, settlement or dispositive motion.

9. **Caucus** privately with each party and his counsel to discuss the costs of litigating the matter and to discuss the legal and factual issues candidly.  Try to learn from that party and counsel what the party's interests are -- get a feel for what sort of settlement would be acceptable.  Explain the confidentiality of the caucus.  If something you learn in caucus needs to be communicated to the other party, encourage that party to communicate such information or request specific permission to communicate the information yourself.  Keep information learned in caucus confidential unless you get specific permission to divulge it.  Information about settlement positions is especially sensitive.

10. **Reconvene** the parties and assist them in exploring settlement.  Try to keep discussions focused on future alternatives, not past wrongs.  Encourage the parties to look realistically at the issues in disagreement and to discuss ways of resolving them.  Encourage them to make proposals to each other.  If that is not working, you may, with their permission, advance a proposal yourself.  If a future mediation conference is necessary, schedule it and notify the ADR Administrator (telephonically and in writing).

11. **Memorialize** any agreement which is reached.  Be sure that the parties fully understand the terms to which they agreed and that they write out their agreement immediately, if possible.

12. **Conclude** the mediation conference by thanking the parties for their cooperation, whether or not an agreement was reached.

13. **Report** the results of the mediation conference to the ADR Administrator, including an agreed journal entry if the case is settled.  **It is your responsibility to inform counsel and the parties that you will file a report with the Clerk's Office for transmission to the ADR Administrator.  Keep in mind that the Report shall not contain confidential information unless counsel and the parties consent in writing to such disclosure.  The Report of Mediator shall be manually filed.  The Report of Mediator cannot be filed electronically.**

14. Questions concerning the Mediation program should be directed to Peggy Nichols, ADR Administrator, at (216) 357-7007.